Mauricio **MARTINEZ–PARTIDO,** Petitioner,

v.

**METHODIST SPECIALTY AND TRANSPLANT HOSPITAL; Methodist Healthcare System of San Antonio, Ltd., L.L.P. d/b/a Methodist Specialty and Transplant Hospital; Jane or John Doe(s), Hospital Employee(s); and Jane or John Doe(s), Hospital Nurse(s), Respondents.**

No. 06–0611.

Supreme Court of Texas.

Sept. 26, 2008.

882

Terry Wesley Baker, Baker Law Office, Geronimo, TX, for Petitioner.

Lucretia R. Marmor, Christopher John Deeves, Ruth G. Malinas, Cynthia Day Grimes, Ball & Weed, San Antonio, TX, for Respondent.

W. Richard Wagner, Patterson & Wagner, L.L.P., San Antonio, TX, for person interested in case.

PER CURIAM.

In this health care liability case, plaintiff Mauricio Martinez–Partido served expert reports within 120 days of filing suit as section 74.351(a) of the Texas Civil Practice and Remedies Code requires, and the defendants objected to the sufficiency of those reports. *See* Tex. Civ. Prac. & Rem.Code § 74.351(a). Prior to a hearing on the reports' sufficiency, Martinez–Partido requested a thirty-day extension under section 74.351(c) to cure any deficiencies in the reports that the trial court might find. The trial court found the reports adequate, and the defendants appealed. The court of appeals found the reports deficient and, without considering Martinez–Partido's extension request, reversed and rendered judgment in the defendants' favor. 268 S.W.3d 73 (Tex.App.—San Antonio 2006). Although Martinez–Partido did not expressly request remand in the court of appeals, he did argue that the trial court's finding was correct and should be affirmed. A party seeking affirmance need not request the lesser included relief of remand. *See* Tex.R.App. P. 25.1(c). While we agree with Martinez–Partido that he is entitled to have the trial court decide whether he should receive an extension under section 74.351(c), we see no merit in his contention that the court of appeals lacked jurisdiction or that the defendants did not properly raise and preserve their objections. Because we conclude that Martinez–Partido is entitled to a remand, we vacate the court of appeals' judgment and remand the case to the trial court to consider whether to grant a thirty-day extension under section 74.351(c) in light of our decision in *Leland v. Brandal,* 257 S.W.3d 204 (Tex.2008).

The petition is granted and, without hearing oral argument, the court of appeals' judgment is vacated, and the case is remanded to the trial court for further consideration. *See* TEX.R.APP. P. 59.1, 60.2(f).