**David JOHNSON, Appellant,**

v.

**Barry G. WILLENS, Appellee.**

No. 09–08–00252–CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 22, 2009.

Decided May 14, 2009.

David P. Matthews, Julie L. Rhoades, Jason C. Webster, Matthews & Associates, Houston, for appellant.

Matthew B.E. Hughes, R. Gregg Byrd, Boston & Hughes, P.C., Houston, for appellee.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

DAVID GAULTNEY, Justice.

David Johnson appeals from the trial court's dismissal of his medical malpractice action against Dr. Barry G. Willens. Johnson argues his report was adequate under the Medical Liability Act, but if not, he should have been allowed to cure the deficiency. Because the trial court erred concerning the curriculum vitae, and then erroneously concluded the court had no ability to consider an extension of time, we reverse the order and remand the case for consideration of the extension request.

### THE PROCESS

Johnson filed a *pro se* petition against Willens. Later, Johnson filed a pleading entitled "Designation of Experts." He attached the expert report of Brian Daugherty, M.D., which included a description of his qualifications. Willens objected to the report. He filed a motion to dismiss asserting the following grounds: Johnson did not serve a supporting curriculum vitae along with the expert report; the report did not state the applicable standards of care and symptoms with which the patient presented; and the report did not properly state a causal relationship.

Before Willens filed his motion to dismiss, an attorney representing Johnson notified the court of the attorney's appearance on December 7, 2007. At a March 7, 2008, hearing, both parties' attorneys learned for the first time that on February 21, 2008, the trial court had signed an order granting the motion to dismiss and awarding Willens $15,855 in attorney's fees and court costs. *See* TEX. R. CIV. P. 306a(4) (actual knowledge of judgment within 20 days). The trial judge indicated

she did not know why the parties failed to receive notice of the order dismissing the case. She also stated she had no discretion to deny the defendant's motion to dismiss or to grant an extension of time when the plaintiff did not timely serve a curriculum vitae. The trial judge suggested severance of the attorney's fee issue from the dismissal order and indicated someone needed to present to the court a motion and order to sever. The court set a hearing date for the parties to return, and set a briefing schedule on the attorney's fee issue.

On April 1, 2008, the trial court reconvened the hearing. Willens's attorney suggested the trial court no longer had plenary power and could not sever the attorney's fee issue. The trial court concluded it had no authority to change the order of dismissal and the attorney's fee award.

Johnson appealed the trial court's order. In considering our jurisdiction over the appeal, we determined Johnson had filed a "Brief in Opposition to Attorney's Fees" on March 11, 2008, which we concluded was, in effect, a motion to modify the judgment. A motion to modify serves to extend the trial court's plenary power and the appellate deadlines. *See* TEX. R. CIV. P. 329b(g); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex.2008). We concluded the notice of appeal was timely filed.

### THE EXPERT REPORT

■ The plaintiff in a health care liability suit must provide the defendant physician or health care provider with an expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2008). Section 74.351 of the Civil Practice and Remedies Code provides in part as follows:

(a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition

was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted....

. . . .

(r) In this section:

. . . .

(6) "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX. CIV. PRAC & REM. CODE ANN. § 74.351(a), (r) (Vernon Supp. 2008). Although the report does not have to marshal all the plaintiff's proof, it must include the expert's opinions on the three elements-standard of care, breach, and causation. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875, 879 (Tex.2001).

■ A defendant whose conduct is implicated in a report may challenge its sufficiency. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); *Leland v. Brandal*, 257 S.W.3d 204, 207 (Tex.2008). The trial court will grant the defendant's motion to dismiss only if it appears to the court, after hearing, that the report does not represent an objective good-faith effort to comply with the definition of an expert report. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(*l*). "If the court agrees that the challenged report is deficient, the court has the discretion on its own to grant one thirty-day extension to allow the plaintiff an opportunity to cure the deficiency."

*Leland*, 257 S.W.3d at 207. We review a trial court's decision on a dismissal motion under section 74.351 for an abuse of discretion. *See Palacios*, 46 S.W.3d at 875.

Johnson argues the trial court abused its discretion in dismissing his claim on the ground that he did not file a curriculum vitae with the expert report. Willens's motion to dismiss contends the curriculum vitae must be served with the report, but does not challenge the expert's qualifications. Johnson relies on *Harris County Hospital District v. Garrett*, 232 S.W.3d 170, 177–78 (Tex.App.-Houston [1st Dist.] 2007, no pet.). In *Garrett*, the court held that the expert's qualifications and curriculum vitae may be set out in the body of the expert report, and there is no requirement that the report and the curriculum vitae be separate documents. *Id.; see also Carreras v. Marroquin*, No. 13–05–082–CV, 2005 WL 2461744, at *2 (Tex.App.-Corpus Christi Oct. 6, 2005, pet. denied) (mem. op.) (Section 74.351 does not expressly prohibit a claimant from including the curriculum vitae within the body of the report.).

■■■ Willens relies on *Pena v. Methodist Healthcare System of San Antonio, Ltd.*, 220 S.W.3d 52, 52–53 (Tex.App.-San Antonio 2006, no pet.), where the plaintiff did not file the curriculum vitae with the expert report. The San Antonio court explained that the health care provider must provide both the expert report and curriculum vitae, as required by statute. *Id.* at 53–54. In a footnote, the court explained that the lack of a curriculum vitae left the trial court with "no discretion to deny Methodist's first motion to dismiss or to grant Pena an extension of time." *Id.* at

54 n. 2. *Pena*, however, is distinguishable. There is no indication the plaintiff claimed that the expert report contained sufficient information concerning the expert's qualifications to function as both an expert report and curriculum vitae. *Id.* at 53–54. To be sufficient, a curriculum vitae need not be on a separate piece of paper. We hold that a sufficient curriculum vitae may be contained in the expert report itself. *See Garrett*, 232 S.W.3d at 177–78. The trial court erred in concluding otherwise.[1]

■■■ Willens's motion to dismiss also asserted that the report did not state the applicable standard of care or the causal relationship between the breach of the standard of care and the alleged injury. The expert report states in part:

> I have reviewed Mr. Johnson's medical records from Dr. Willens's office. I note that on August 25, 2005, Mr. Johnson presented to Dr. Willens with certain symptoms. At that time, Dr. Willens prescribed a beta-blocker medication called Atenolol. I have reviewed Mr. Johnson's medical records from the pharmacy where the Atenolol was filled. I confirmed that Mr. Johnson received a prescription for 100mg of Atenolol to be taken twice a day.
>
> Atenolol is a beta-blocker typically given to patients to treat them after they have had a stroke. Mr. Johnson has not had a stroke, and had no history of having a stroke when the Atenolol was prescribed by Dr. Willens.

The report does not identify "certain symptoms" for which Johnson went to Dr. Willens. As Willens asserts, the proper standard of care cannot be known unless

---

1. Johnson also argues that because his expert was his treating physician and not a retained expert, there is no requirement of a curriculum vitae. Section 74.351 makes no distinction between the two; the statute requires the expert's curriculum vitae. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Johnson argues a *pro se* litigant should be treated with greater deference than one represented by an attorney. He offers no supporting case law. *See* Tex. R. App. P. 38.1(h). The statute does not exempt *pro se* litigants.

the report contains "a description of the circumstances confronting the doctor and which purportedly obligated him to respond in a particular manner." The fact that Atenolol is "typically" given to stroke patients does not necessarily mean that it is inappropriate for any other condition. The appropriate treatment does not arise in a vacuum; the specific symptoms presented by the patient may suggest the appropriate treatment and standard of care. *See Palacios,* 46 S.W.3d at 880 (Report must explain what care was expected but not given.); *see also Kirksey v. Marupudi,* No. 07–03–0076–CV, 2003 WL 23096028, at *3 (Tex.App.-Amarillo Dec. 30, 2003, no pet.). Because the report does not state what Johnson's condition or symptoms were, a trial court could not adequately assess the merits of the claim. Johnson's report is deficient for failing to properly explain the standard of care for the complaint made.

■■■ Johnson argues the report adequately states the causal relationship "between Defendant's breach of a physician's standard of care and Plaintiff's injuries." The expert report must explain the basis for the expert's statements and " 'link his conclusions to the facts.' " *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex. 2002) (quoting *Earle v. Ratliff,* 998 S.W.2d 882, 890 (Tex.1999)). Johnson relies on the following statement in the report for causation:

> Further, it is my opinion that the amount of Atenolol prescribed to Mr. Johnson substantially exceeded the normal dose of said medication, and within a reasonable medical probability caused Mr. Johnson to suffer from lethargy, depression, light-headedness, and confusion to such an extent that he was incapable of functioning on a daily basis.

The causation statement references the "normal dose," but does not explain what the normal dose would be or how and why the prescribed dose was excessive. The complaint for which Johnson was treated is never identified in the report, and the report offers no explanation of what a proper treatment would be for a condition that is not described. *See, e.g., HEB Grocery Co. v. Farenik,* 243 S.W.3d 171, 174 (Tex.App.-San Antonio 2007, no pet.). In *Farenik,* the expert report explained the pharmacist's error in filling the patient's prescription, the patient's condition, the normal dosage for a patient with her history, the typical uses of the medication, the patient's injuries after taking the medication, and the expert's conclusions about alleged error in filling the prescription; essentially, the report connected the conclusions to the facts. *See id.* Here, the report's causation statement is not that explanatory. A report that merely states the expert's conclusions about the standard of care, breach, and causation is not sufficient. *Palacios,* 46 S.W.3d at 879. The report in this case is deficient.

### EXTENSION OF TIME

■■■ Johnson asks for an extension of time to cure the deficient report. If no report or curriculum vitae is served within the 120–day deadline provided by section 74.351(a), a court has no discretion to grant an extension. *See Ogletree v. Matthews,* 262 S.W.3d 316, 319–20 (Tex.2007). The statute does not mandate dismissal for a deficient, but curable, report and curriculum vitae, however. *See id.* A deficient report or curriculum vitae differs in this respect from an absent report or curriculum vitae. *See id.* A court has discretion under the statute to grant a thirty-day extension so that a plaintiff may attempt to cure a deficient report or curriculum vitae. *See id.*

In this case, the parties learned the case had previously been dismissed without a hearing when they appeared for trial; no-

**566**

tice of the order of dismissal was not provided as required by the rules of civil procedure. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(*l*) ("A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, *after hearing,* that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6).") (emphasis added); *see also* TEX. R. CIV. P. 306a(3). The trial court cited *Pena* and informed the parties that "the trial court had no discretion to deny this defendant's motion to dismiss nor to grant an extension of time when the plaintiff does not serve that CV within 120 days filing the petition."

A report, including biographical data describing the expert's qualifications (a curriculum vitae), was timely served. Elements of the report are deficient. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c). As the Supreme Court has recently explained, a court may under these circumstances *sua sponte* grant one thirty-day extension of time to cure the deficiencies. *See Leland,* 257 S.W.3d at 207–08. We conclude Johnson was entitled to have the trial court consider whether he should receive an extension under section 74.351(c). *See Martinez–Partido v. Methodist Specialty & Transplant Hosp.,* 267 S.W.3d 881, 882 (Tex.2008) ("[H]e is entitled to have the trial court decide whether he should receive an extension under section 74.351(c)[.]"). The trial court did not have the benefit of the Supreme Court's opinions in *Leland* and *Martinez–Partido.* Because the trial court erroneously concluded it had no discretion to grant an extension, we reverse the order and remand the case to have the trial court consider whether appellant should receive an extension under section 74.351(c).[2]

2. Because of this ruling, we need not consider

The order is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

the attorney's fee issue at this time.