Affirmed and Memorandum Opinion filed December 15, 2009. 



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00246-CV



 

University of Texas Medical
Branch at Galveston, Texas,
Appellant

V.

Marvin Simmons, Appellee

 



On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause No. 08CV0832



 

MEMORANDUM  OPINION

 

            In this
interlocutory appeal,[1]
appellant University of Texas Medical Branch at Galveston, Texas (“UTMB”)
challenges the trial court’s order denying its motion to dismiss the health
care liability claim[2]
of appellee Marvin Simmons.  In its sole issue, UTMB contends that the trial
court abused its discretion by denying its motion to dismiss because Simmons
failed to attach his expert’s curriculum vitae to the expert report pursuant to
Texas Civil Practice and Remedies Code section 74.351.  We affirm.

Background

            On August
8, 2006, Simmons filed suit for medical negligence, gross negligence, and
breach of fiduciary duty against UTMB seeking damages for alleged personal
injuries arising from the treatment and care he received as a patient of UTMB
after he suffered a stroke.  In his petition, Simmons alleged that a portion of
his skull was removed after the stroke to relieve pressure on his brain. 
Simmons alleged that UTMB lost this bone flap, which required a cranioplasty to
be performed with a titanium mesh instead of his bone flap.  Among other things,
Simmons alleged that UTMB acted negligently by failing to safeguard his bone
flap. 

            On December 4,
2008, 118 days after Simmons filed suit against UTMB, Simmons served UTMB with an
expert report by Dr. Kenneth G. Berliner.  Simmons did not separately attach a curriculum
vitae to Dr. Berliner’s report.  On December 29, 2008, UTMB filed its motion to
dismiss Simmons’s suit for failure to file a curriculum vitae with Dr.
Berliner’s expert report.  UTMB also contended that Dr. Berliner’s report was
inadequate because it was conclusory.  According to UTMB, the expert report
failed “to adequately outline the applicable standard(s) and explain the causal
relationship between that alleged breach of the standard of care and the
injury, harm or damages claimed.”

            On February 11,
2009, Simmons served Dr. Berliner’s curriculum vitae on UTMB.  Simmons filed a
response to UTMB’s motion to dismiss on February 13, 2009, in which he
acknowledged that he inadvertently failed to include Dr. Berliner’s curriculum
vitae when he served the expert’s report.  Simmons further asserted that nothing
in section 74.351(b) “requires that Mr. Simmons’ claim be dismissed because he
did not include his expert’s CV along with his timely served expert report.” 
Alternatively, Simmons requested that the trial court grant him a 30-day
extension to cure any defects in his report pursuant to section 74.351(c), and
informed the trial court that he already had cured the defect by serving Dr.
Berliner’s curriculum vitae on UTMB.

            UTMB filed its
reply on February 17, 2009, arguing that dismissal of Simmons’s suit is
mandatory under section 74.351(b) because Simmons failed to serve Dr.
Berliner’s curriculum vitae with the export report within 120 days of filing
his suit.  UTMB also argued that a 30-day extension would be moot because
Simmons failed to timely serve an expert report and curriculum vitae within the
statutory deadline. Therefore, UTMB contended that section 74.351(c), which
allows a trial court to grant a 30-day extension to cure any deficiency in an
expert report, could not be triggered.

            The trial court
denied UTMB’s motion to dismiss in an order signed on February 20, 2009.  UTMB
appeals the trial court’s order.

Analysis

            In its sole
issue, UTMB contends that the trial court abused its discretion by denying its
motion to dismiss Simmons’s suit for failure to attach his expert’s curriculum
vitae to the expert report pursuant to Texas Civil Practice and Remedies Code
section 74.351.

We review a trial court’s denial of a motion to
dismiss under section 74.351 for abuse of discretion.  See Bowie Mem’l Hosp.
v. Wright, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam); Am. Transitional
Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001); Group
v. Vicento, 164 S.W.3d 724, 727 (Tex. App.—Houston [14th Dist.] 2005, pet.
denied).  To determine whether the trial court abused its discretion, we must
decide whether the trial court acted without reference to any guiding rules or
principles.  Larson v. Downing, 197 S.W.3d 303, 304-05 (Tex. 2006) (per
curiam); see also Wright, 79 S.W.3d at 52.  When reviewing matters
committed to the trial court’s discretion, a court of appeals may not
substitute its own judgment for the trial court’s judgment.  Wright, 79
S.W.3d at 52.  A trial court does not abuse its discretion merely because it
decides a discretionary matter differently than an appellate court would do so
in a similar circumstance.  Gray v. CHCA Bayshore L.P., 189 S.W.3d 855,
858 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Section 74.351(a) of the Texas Civil Practice and
Remedies Code provides that “[i]n a health care liability claim, a claimant
shall, not later than the 120th day after the date the original petition was
filed, serve on each party or the party’s attorney one or more expert reports,
with a curriculum vitae of each expert listed in the report for each physician
or health care provider against whom a liability claim is asserted.”  Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2009).

If a plaintiff in a healthcare liability suit does
not serve a timely expert report within 120 days of filing suit, a trial court
“shall” grant the defendant’s motion to dismiss the case with prejudice.  Id.
§ 74.351(b) (Vernon Supp. 2009).  However, “[i]f an expert report has not been
served within [120 days] because elements of the report are found deficient,
the court may grant one 30-day extension to the claimant in order to cure the
deficiency.”  Id. § 74.351(c) (Vernon Supp. 2009). 

On appeal, UTMB argues that the trial court abused
its discretion by denying its motion to dismiss Simmons’s suit for failure to serve
his expert’s curriculum vitae with the expert report within the statutory
120-day deadline pursuant to Texas Civil Practice and Remedies Code section
74.351.  Simmons responds that the trial court did not abuse its discretion
when it denied UTMB’s motion to dismiss because “Simmons’ failure to serve his
medical expert’s CV separate and apart from his expert report does not mandate
dismissal of his claim.”  We agree with Simmons that nothing in the statute
requires a curriculum vitae be served as a separate document.

An expert’s qualifications and curriculum vitae may
be set out in the body of the expert report, and there is no requirement that
the report and the curriculum vitae must be separate documents.  Johnson v.
Willens, 286 S.W.3d 560, 564 (Tex. App.—Beaumont 2009, pet. filed); Harris
County Hosp. Dist. v. Garret, 232 S.W.3d 170, 177 (Tex. App.—Houston [1st
Dist.] 2007, no pet.); Carreras v. Marroquin, No. 13-05-082-CV, 2005 WL
2461744, at *2 (Tex. App.—Corpus Christi Oct. 6, 2005, pet. denied) (mem. op.). 
Section 74.351(a) merely states that a claimant shall serve “one or more expert
reports, with a curriculum vitae of each expert.”  Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(a); Garret, 232 S.W.3d at 177.  Section 74.402, which
addresses the qualifications of an expert in a suit against a health care
provider, also does not contain a requirement that a curriculum vitae be served
as a separate document.  Tex. Civ. Prac. & Rem. Code Ann. § 74.402 (Vernon
2005); Garret, 232 S.W.3d at 177.  Thus, nothing in the statute requires
that a curriculum vitae be produced as a separate document.  

Further, “[t]he purpose of a curriculum vitae
requirement is to permit the trial court to perform its ‘gatekeeper’ function
by assessing the qualifications, experience, and expertise of the expert.”  Carreras,
No. 13-05-082-CV, 2005 WL 2461744, at *2; see also Raney v. Ashford Hall,
No. 05-98-01908-CV, 2002 WL 14354, at *6 (Tex. App.—Dallas Jan. 7, 2002, pet.
denied) (not designated for publication).  In the trial court, UTMB objected to
the failure to serve a separate curriculum vitae with the expert report; it did
not contend that Simmons’s expert was unqualified, or that the lack of a
separately filed curriculum vitae impeded its ability to determine whether
Simmons’s expert was qualified.

The expert report Simmons served on UTMB states as
follows:

I am qualified to render the opinions expressed in this
report based on my education, training, and experience.  I am a Board Certified
Orthopedic Surgeon practicing in Houston, Texas.  I currently attend at
University General Hospital, Renaissance Northeast Surgery Center, and Surgery
Specialty Hospitals of America, all of which are located in the Houston area. 
I am also the Medical Director for Lone Star Orthopedics, which is located in
Houston.  My curriculum vitae is attached.

I have been performing surgeries since 1994, and am very
familiar with the post-surgical treatment and care of surgical patients.  I
perform over 250 surgeries a year, on average, including cases that involve
autograft; for example, arthroscopic osteochondral autograft transfer, cervical
discectomy and fusion, lumbar discectomy and fusion, skeletal osteotomies with
autograft and instrumentation, as well as a variety of general orthopedic
surgeries.

The trial court acted within its discretion in
concluding that the expert report contained sufficient information to determine
whether the expert was qualified and, thus, satisfied the curriculum vitae
requirement.  See Johnson, 286 S.W.3d at 564; Garret, 232 S.W.3d
at 177-78.  Accordingly, the trial court did not abuse its discretion by
denying UTMB’s motion to dismiss Simmons’s suit for failure to serve a separate
curriculum vitae.

Conclusion

We affirm the trial court’s order denying UTMB’s
motion to dismiss.

 








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Chief Justice
Hedges, and Justices Anderson and Boyce.

 

 

 

 

 

 

 

 

 

 

 

 









[1]
See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(9) (Vernon Supp. 2009).





[2]
“‘Health care liability claim’ means a cause of action against a health care
provider or physician for treatment, lack of treatment, or other claimed
departure from accepted standards of medical care, or health care, or safety or
professional or administrative services directly related to health care, which
proximately results in injury to or death of a claimant, whether the claimant’s
claim or cause of action sounds in tort or contract.”  Tex. Civ. Prac. &
Rem. Code Ann. § 74.001(a)(13) (Vernon
2005).  “Health care provider” includes any person, partnership, professional
association, corporation, facility, or institution duly licensed, certified,
registered, or chartered by the State of Texas to provide health care, including
a health care institution.  Id. § 74.001(a)(12)(A) (Vernon 2005).