IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-0667
════════════
 
Eberhard Samlowski, M.D., Petitioner,
 
v.
 
Carol Wooten, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Tenth 
District of Texas
════════════════════════════════════════════════════
 
 
Argued November 18, 2009
            

 
            
Justice Guzman, joined by 
Justice Lehrmann, and by Justice Wainwright as to Parts I and 
II-B, concurring.
                                                                        

            
I agree with the Court that the proper disposition is to remand this case 
to the trial court for further proceedings; accordingly, I join the Court’s 
judgment. However, I do not join Justice Medina’s opinion because I disagree 
with the new procedure Justice Medina sets out to challenge a trial court’s 
failure to grant a thirty-day extension to cure. Additionally, I disagree with 
Justice Medina’s conclusion that the trial court did not abuse its 
discretion.
I. Procedural 
Issues
            
At issue in this case is whether the trial court abused its discretion by 
denying Carol Wooten a thirty-day extension to cure her inadequate expert 
report. See Tex. Civ. Prac. & Rem. Code 
§ 74.351(c). Justice Medina holds the trial court did 
not abuse its discretion, but then proceeds into new territory to address the 
manner in which a claimant must challenge a trial court’s denial of a motion to 
cure. Justice Medina concludes that when a trial court finds an expert report 
inadequate and denies a motion to cure, the claimant “must move the court 
to reconsider and promptly fix any problems.” __ S.W.3d at __ (emphasis added). 
Justice Medina states that a subsequently filed compliant report will 
demonstrate the trial court abused its discretion by failing to grant the 
extension. Id. Justice Medina’s approach thus establishes a new procedure 
for challenging the denial of a motion to cure.
            
But rules already exist governing the manner in which a person may 
challenge the trial court’s denial of a motion to cure, see, e.g., 
Tex. Civ. Prac. & Rem. Code § 74.351(c); 
Tex. R. Civ. P. 329b (establishing timeline for filing 
certain motions); Tex. R. App. P. 
26.1 (establishing timeline for perfecting appeal), and it is unclear how 
these rules intersect with the procedure created in Justice Medina’s opinion. 
For example, what if a plaintiff believes the initially-served report is not 
deficient and seeks to challenge the trial court’s finding on that issue as well 
as the failure to grant an extension, as Carol Wooten did in this case? Is that 
plaintiff also required to submit a new report and, if so, would that action 
waive the plaintiff’s complaint that the initial report was not deficient? 
Additionally, when a claimant files a new report after the trial court has 
denied a motion for extension, what happens if a trial court declines to timely 
set a motion for reconsideration for hearing? Is a claimant then required to 
challenge the trial court’s failure to set the motion for a hearing, further 
delaying resolution of the question of whether the trial court erroneously 
denied the extension in the first place? Or must the court of appeals consider 
whether the amended report is sufficient to establish the trial court abused its 
discretion in denying an extension? Justice Medina also does not address when 
the appellate deadlines begin to run—whether from the time the trial court signs 
the order of dismissal or, because a claimant must move the court to reconsider, 
from the denial of a motion to reconsider. Nor does Justice Medina consider 
whether this deadline is different if a claimant chooses not to file an amended 
report, but to stand on the initial report filed.
            
Aside from the procedural questions raised, Justice Medina erroneously 
concludes that an amended report filed after the trial court has denied a 
motion for extension will “typically establish the trial court’s abuse of 
discretion.” __ S.W.3d at __. It is well-established 
that a reviewing court is to determine whether a trial court abused its 
discretion based on the record before the trial court at the time the decision 
was made. Univ. of Tex. v. Morris, 344 S.W.2d 426, 429 (Tex. 1961); 
see Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 52 n.7 (Tex. 
1998). I believe, based on this principle and the purposes of the expert report 
requirement and the thirty-day extension to cure, that rather than considering 
an amended report submitted after the trial court has denied an extension, a 
reviewing court should analyze whether a trial court abused its discretion based 
on the expert report initially submitted.
II. Abuse of 
Discretion
A. Discretion 
in Reviewing Expert Reports
            
If a trial court finds an expert report deficient, it “may” grant one 
thirty-day extension to cure the report. Tex. Civ. Prac. & Rem. 
Code § 74.351(c). 
This statutory authority is couched in permissive terms, but it is not 
unfettered. See In re Pirelli Tire, L.L.C., 247 S.W.3d 670, 676 (Tex. 
2007) (orig. proceeding). While “may” gives a trial 
court discretion, discretionary decisions must not be arbitrary or unreasonable 
and must be made with reference to guiding principles. Id. (citing 
Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 
1997)); Womack v. Berry, 291 S.W.2d 677, 683 (Tex. 1956) (orig. 
proceeding) (noting that use of the permissive word “may” does not vest a court 
with unlimited discretion, but requires a trial court to exercise that 
discretion within “limits created by the circumstances of the particular case”). 
The principles that are to guide a trial court’s discretionary decision are 
determined by the purposes of the rule at issue. See In re Van Waters & 
Rogers, Inc., 145 S.W.3d 203, 207 (Tex. 2004) (orig. proceeding); 
Womack, 291 S.W.2d at 683. Justice Medina acknowledges this and looks to 
the “broader purposes” of the Texas Medical Liability Act (TMLA) to determine 
the principles that should guide a trial court’s determination of whether to 
grant an extension. __ S.W.3d at __. But the purpose of 
the actual rule permitting a trial court to grant an extension must also be 
considered. See Tex. Civ. Prac. 
& Rem. Code 
§ 74.351(c).
B. Scope of the 
Trial Court’s Review
            
One stated purpose of section 74.351 is to “reduce excessive frequency 
and severity of health care liability claims.” Leland v. Brandal, 257 S.W.3d 204, 208 (Tex. 2008) (quoting Act of 
June 2, 2003, 78th Leg., R.S., ch. 204, 
§ 10.11(b)(1), 2003 Tex. Gen. Laws 847, 884). The 
expert report requirement helps accomplish this purpose by providing a basis for 
the trial court to determine a claim has merit. Id. at 206-07. Justice Medina and the 
dissent both conclude that factors other than the report should be considered to 
determine whether the trial court abused its discretion by denying an extension. 
But if one purpose of the report is to inform the trial court of the merits of a 
claim, then the purpose of an extension is to provide a claimant the opportunity 
to amend a report to a point that would allow the trial court to make that 
determination. We have previously held that a trial court should look no further 
than the four corners of an expert report when considering a motion challenging 
the adequacy of the report because all the information relevant to that inquiry 
is contained within the report. See Bowie Mem’l 
Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002). 
Section 74.351(l) does not explicitly state that a trial court may not look 
beyond the report to determine adequacy, but we have held this is so because the 
statute specifically focuses on what the report discusses. Am. Transitional Care Ctrs. of Tex., 
Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001). The same is true in 
a trial court’s consideration of a motion for extension: the extension provision 
focuses only on the report itself. See Tex. Civ. Prac. & Rem. 
Code § 74.351(c) (providing that 
a trial court may grant an extension if “elements of the report are found 
deficient”). Further, the expert report requirement is not 
a substitute for a trial on the merits—just as a trial court should not consider 
the defendant’s pleadings and other evidence when ruling on a motion to dismiss 
on adequacy grounds, the trial court should similarly refrain from considering 
these extraneous matters when considering a motion for an extension to cure. 
See Palacios, 46 S.W.3d at 
878.
            
Even though the trial court should only consider the 
expert report when determining whether to grant an extension, that is not to say 
a claimant is only entitled to an extension when the report contains specific 
information or is not entitled to an extension when the report lacks certain 
information. The Legislature clearly contemplated that trial courts would 
grant extensions when reports contained varying degrees of deficiencies. 
See Tex. Civ. Prac. & Rem. Code § 74.351(c) 
(providing that a trial court may grant one thirty-day extension when “elements” 
of the report are deficient). Therefore, as long as a 
claimant has filed a report (as defined by the statute), the specific 
deficiencies of a report should not determine whether the trial court should 
grant an extension. Rather, a trial court should be able to determine, based on 
the initial report, if a claim warrants an extension—that is, whether a claim 
could potentially have merit if the report were cured. A report from a qualified 
health care professional stating a belief that a plaintiff has a claim against a 
defendant, even though elements of the report are deficient, should be 
sufficient for a trial court to determine the curability of the report.[1]
            
As further evidence that a trial court need not consider more than the 
report itself, nothing in section 74.351 requires a trial court to hold a 
hearing before denying an extension to cure a deficient report and dismissing a 
case. Compare id. 
§ 74.351(b)–(c) (requiring dismissal if an extension to cure a deficient 
report is not granted), with Tex. 
Rev. Civ. Stat. art. 4590i § 13.01(g) 
(requiring a court to hold a hearing before granting a single thirty-day 
extension for good cause under the former statute);[2] see, e.g., Johnson v. Willens, 286 S.W.3d 560, 565-66 (Tex. App.—Beaumont 
2009, pet. filed) (trial court granted order dismissing case without holding a 
hearing). Had the Legislature intended for a trial court to consider more than 
the report when determining whether to grant an extension to cure, it could have 
required a hearing to allow a claimant to present additional 
evidence.
III. 
Application
            
In this case, Wooten’s expert report by R. Don Patman, M.D. was over nine single-spaced pages. The report 
contained Wooten’s medical history, the applicable standard of care, and a 
numbered list of Dr. Samlowski’s alleged 
standard-of-care breaches, including failing to perform a comprehensive 
diagnostic work-up and thereby failing to determine the extent of Wooten’s 
illness. Dr. Patman concluded that Dr. Samlowski’s actions constituted negligence and were the 
proximate causes of Wooten’s developing multiple life-threatening complications. 
The report inferred that Dr. Samlowski performed an 
unnecessary surgery, delaying treating Wooten’s condition. The report, however, 
did not contain an explanation of how Dr. Samlowski’s 
actions caused Wooten’s injuries and was, as Wooten now acknowledges, deficient. 
282 S.W.3d at 90. But the report did not demonstrate, 
on its face, that it was incurable. To the contrary, it demonstrated that it had 
the potential to be cured since the report was from a qualified health care 
professional and explained a belief that Samlowski’s 
actions caused Wooten’s injuries. Nothing outside of this report would have 
aided in the trial court’s determination that Wooten’s report could have been 
cured. Therefore, I would hold the trial court abused its discretion in denying 
Wooten’s motion for an extension to cure her report, and allow her the 
opportunity to attempt to cure her report.
IV. Additional 
Considerations
            
Justice Medina and the dissent conclude that the trial court did not 
abuse its discretion in denying the thirty-day extension because Wooten failed 
to prove that the report would have been cured. But the provision allowing for 
an extension is not punitive—it says nothing about withholding an extension when 
a claimant has failed do something. Rather, the 
provision is curative, intending to give claimants an opportunity to save their 
claims from dismissal. While the Legislature, by enacting the TMLA, sought to 
“reduce excessive frequency and severity of health care liability claims,” Act 
of June 2, 2003, 78th Leg., R.S., ch. 204, 
§ 10.11(b)(1), 2003 Tex. Gen. Laws 847, 884, it 
intended to “do so in a manner that will not unduly restrict a claimant’s 
rights,” id. § 10.11(b)(3); Leland, 
257 S.W.3d at 208. “In enacting section 74.351, the Legislature struck a careful 
balance between eradicating frivolous claims and preserving meritorious ones . . . .” Leland, 257 S.W.3d at 208. In order to preserve the highest number of 
meritorious claims, trial courts should err on the side of granting claimants’ 
extensions to show the merits of their claims. The price of preserving a 
meritorious claim will be thirty days, compared to a much higher price of 
dismissal.
V. 
Conclusion
            
Because Wooten filed an expert report from a qualified expert explaining 
a belief that Samlowski’s actions caused Wooten’s 
injuries, even though elements of the report were deficient, I would hold the 
trial court abused its discretion by denying her motion for an extension to 
cure. I join the Court’s judgment remanding the case to the trial 
court.
 
 
                                                                                    
______________________________
                                                                                    
Eva M. Guzman
                                                                                    
Justice
 
OPINION DELIVERED: February 25, 2011







[1] Justice 
Medina contends this approach mirrors that of the court of appeals, and that it 
is unclear the manner in which a court will distinguish between deficient 
reports that are curable and those that are not. But this mischaracterizes my 
position—a court will be able to determine from the four corners of the report 
whether it is from a qualified health care professional stating a belief that 
the plaintiff has a claim against a defendant.

[2] Act of 
May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 
13.01(g), 1995 Tex. Gen. Laws 985, 986, amending the Medical Liability 
and Insurance Improvement Act of Texas, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, repealed by Act of 
June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 
2003 Tex. Gen. Laws 847, 884. Former article 4590i section 13.01 was replaced by 
Texas Civil Practice and Remedies Code section 74.351, as amended.