HEALTHSOUTH CORPORATION, Collin County Rehab Associates Limited Partnership d/b/a HealthSouth Plano Rehabilitation Hospital, and Anh Q. Nguyen, M.D., Appellants,

v.

Paul SEARCY, Appellee.

No. 05–06–01537–CV.

Court of Appeals of Texas, Dallas.

June 29, 2007.

Rehearing Overruled Aug. 6, 2007.

Wendy A. Duprey, Jonathan Clark LaMendola, Stacy E. Hoffman, Gregory J. Lensing, Cowles & Thompson, P.C., Linda Stimmel, Stewart & Stimmel, L.L.P., Peter H. Anderson, Chamblee & Ryan, P.C., Dallas, for appellants.

James L. Mitchell, Jr., Payne Mitchell Law Group, Dallas, for appellee.

Before Justices WHITTINGTON, BRIDGES, and LAGARDE.[1]

## OPINION

Opinion By Justice WHITTINGTON.

HealthSouth Corporation and Collin County Rehab Associates Limited Partnership d/b/a HealthSouth Plano Rehabilitation Hospital (collectively "HealthSouth") appeal the trial judge's order denying their objections to Paul Searcy's amended expert reports and their motion to dismiss. In its first issue, HealthSouth claims the trial judge abused his discretion in denying its motion to dismiss pursuant to section 74.351(b) of the

---

1. The Honorable Sue L. Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

Texas Civil Practices and Remedies Code. HealthSouth's second issue, whether it would be an abuse of discretion for the trial judge to grant Searcy an extension of time, is contingent on our finding in HealthSouth's favor under the first issue. For the reasons that follow, we affirm the trial court's order.

A review of the appellate record reveals Searcy filed two expert reports and curriculum vitae of its experts, Dr. Koslow and Nurse Harper, to which HealthSouth filed its "Objections to the Sufficiency of Plaintiff's Expert Reports and Motion to Dismiss." The clerk's record reflects Searcy filed amended reports and curriculum vitae of its experts; HealthSouth again filed objections and a motion to dismiss. The record shows Searcy then filed a response to HealthSouth's objections and motion to dismiss and a second amended expert report of Dr. Koslow after which the trial judge denied HealthSouth's objections and motion. This interlocutory appeal ensued.

█ While the appeal was pending, Searcy filed a motion to dismiss alleging this Court lacked jurisdiction over the appeal. In the motion, Searcy claims section 51.014 of the civil practices and remedies code allows for interlocutory appeals only when the trial judge

(i) denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351; or

(ii) grants relief sought by a motion under Section 74.351($l$).

TEX. CIV. PRAC. & REM.CODE ANN. §§ 51.014(a)(9), (10), 74.351(b), ($l$) (Vernon Supp.2006). Searcy contends the first provision applies only in instances involving "the absolute failure to file an expert report." Because Searcy filed two expert reports, he claims that section is inapplicable. Searcy argues the latter section is likewise inapplicable because it applies

when a judge grants a motion challenging the adequacy of a report—a condition not met in this case.

This Court recently addressed this issue. *See Cayton v. Moore,* 224 S.W.3d 440, 443–44 (Tex.App.-Dallas 2007, no pet.). In *Cayton,* after Moore filed an expert report, Cayton filed a motion to dismiss, arguing the expert report was inadequate under section 74.351($l$) and that Moore's failure to file an adequate expert report was grounds for mandatory dismissal of all her claims under section 74.351(b). *See Cayton,* 224 S.W.3d at 443–44. The trial judge disagreed and denied Cayton's motion. Cayton then filed an interlocutory appeal and, while the appeal was pending, Moore filed a motion to dismiss on the grounds this Court lacked jurisdiction. *See Cayton,* 224 S.W.3d at 443–44. This Court concluded it had jurisdiction because section 51.014(a)(9) provides for the interlocutory appeal of an order denying "all or part of the relief sought by a motion under Section 74.351(b)" and "the trial court's order denies, in part, Dr. Cayton's motion to dismiss under section 74.351(b)." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9); *Cayton,* 224 S.W.3d at 444. In this case, HealthSouth filed a motion to dismiss under section 74.351(b), which the trial judge denied. Because we have previously concluded we have jurisdiction under similar facts and circumstances as are presented here, we deny Searcy's motion to dismiss the appeal.

█ On appeal, HealthSouth complains about the trial judge's order overruling HealthSouth's objection to the June 8, 2006 amended expert reports of Nurse Harper and Dr. Koslow. As appellant, HealthSouth requested the clerk's record and designated what parts of the clerk's record were to be produced. Because there is no reporter's record on file, the appellate record consists of the partial

clerk's record as designated by HealthSouth. The clerk's record contains the June 8, 2006 expert reports as well as HealthSouth's June 26, 2006 written objections and motion to dismiss. The appellate record also contains a second amended expert report of Dr. Koslow filed by Searcy on September 12, 2006. The appellate record does not contain any objection to the filing of this expert report or to its contents, nor does it contain a motion that the expert report be stricken. HealthSouth does not complain on appeal of Dr. Koslow's second amended expert report. Because an amended filing supplants the previously filed document, Dr. Koslow's second amended expert report is the document before the trial court and this Court. *See CIGNA Ins. Co. v. TPG Store, Inc.,* 894 S.W.2d 431, 434 (Tex.App.-Austin 1995, no writ) (when amended petition is filed, it supplants all former petitions which are no longer regarded as part of pleadings); *see* Tex.R. Civ. P. 62, 65. And, as HealthSouth did not object to the second amended expert report, there is nothing for this Court to review with respect to Dr. Koslow's expert report.

With respect to Nurse Harper's expert report, HealthSouth complains that, although her report established the first two elements of a Chapter 74 report—the standard of care and alleged failures to meet said standard—her report could not and did not meet the causation element. Regarding the causation element, section 74.403 requires that an expert witness who testifies in a suit involving a health care liability claim against a physician or a health care provider be a physician and "otherwise qualified to render opinions on that causal relationship." *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.403(a) (Vernon 2005). Thus, it is clear Nurse Harper could not testify regarding causation. That her expert report fails to address causation does not render it otherwise incompetent or insufficient.

The remainder of HealthSouth's argument regarding Nurse Harper's expert report addresses whether Dr. Koslow's expert report establishes causation against HealthSouth and its nursing staff. Because we have already concluded HealthSouth did not object to or move to strike Dr. Koslow's second amended expert report, we conclude this argument has likewise not been preserved for our review. We overrule HealthSouth's first issue.

As noted previously, HealthSouth's second issue is contingent on our finding in HealthSouth's favor under the first issue. In light of our disposition of the first issue, we need not address whether it would be an abuse of discretion for the trial judge to grant Searcy an extension of time. *See* Tex.R.App. P. 47.1.

We affirm the trial court's judgment.