**Affirm in part; Reverse and Remand; Opinion Filed February 11, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-14-00202-CV

_____

## MILLBROOK HEALTHCARE AND REHABILITATION CENTER, Appellant
## V.
## SHAUNDRA EDWARDS, ON BEHALF OF THE ESTATE OF GEORGIA CULLENS, Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-07856-A**

# MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

This is an interlocutory appeal from the trial court's partial denial of Millbrook Healthcare and Rehabilitation Center's motion to dismiss Shaundra Edwards's claims for failure to file an expert report under chapter 74 of the Texas Civil Practice and Remedies Code. In four issues, Millbrook contends the trial court abused its discretion by denying the motion as to some of Edwards's claims and failing to award it attorney's fees and costs. Concluding the report filed by Edwards did not demonstrate that the expert was qualified to render an opinion on the standard of care applicable to Millbrook, we reverse the trial court's order in part and remand the cause to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

Millbrook Health and Rehabilitation Center is a nursing home facility at which Georgia Cullens was a patient. On July 15, 2013, Shaundra Edwards, Cullens's granddaughter, brought this personal injury and wrongful death suit on behalf of Cullens's estate alleging that Cullens fractured her left knee and femur as a result of either being dropped or allowed to fall while at Millbrook. Edwards further alleged that Cullens suffered from an untreated urinary tract infection. According to Edwards, Cullens endured pain and suffering as a result of Millbrook's negligence and, eventually, died. Among the specific acts of negligence Edwards alleged were that Millbrook failed to: (1) properly perform necessary medical treatment "according to the standards set by the nursing home and health care profession"; (2) "engage in recognized and acceptable practices in the nursing home and health care profession to limit the likelihood and probability of injury and infection"; (3) "adhere to the acceptable standards for care of patients in the nursing profession by failing to properly observe significant changes in the patient's condition and alert a physician"; (4) "properly assess the patient's needs and evaluate the medical condition of the patient"; (5) "implement a proper course of nursing care based upon the existing condition of the patient"; (6) "document a significant change in the patient's symptoms on the medical chart"; and (7) "properly restrain the patient who due to the medical condition of that patient was unable to function unattended."

On November 12, 2013, pursuant to the requirements of section 74.351 of the Texas Civil Practice and Remedies Code, Edwards filed an expert report and the curriculum vitae of Jesus Arauco, Jr., M.D. Arauco's curriculum vitae stated he had worked as a health care consultant in the "wellness arena" for over twenty years and specialized in providing companies with health screenings for their personnel. Nothing in the curriculum vitae indicates that Arauco was ever employed as a physician or that he had any experience with nursing home care or the treatment

and care of the elderly. Rather, Arauco worked as a patient care technician, ICU and NICU nurse technician, EKG technician, CPR instructor, and held various administrative positions in the areas of hospital admissions, registration, and billing. Arauco's report lists various health problems Cullens suffered from prior to sustaining the fractures including muscular disuse atrophy, lack of coordination, and osteoporosis. The sole statement in Arauco's report regarding Millbrook's allegedly negligent conduct was that there did not appear to be any "Nurses Notes" for the time period during which Cullens sustained her injury and "[t]he lack of provided documentation in the form of Nurses Notes . . . elicit the concern of probable questionable care . . . ."

Millbrook filed a motion to dismiss Edwards's claims asserting that the report did not represent an objective good-faith effort to comply with the requirements of chapter 74. Millbrook contended, among other things, that the report failed to demonstrate Arauco's qualifications as an expert in this case or set forth a standard of care and how Millbrook breached the standard. Following a hearing on the motion on December 19, 2013, the trial court agreed with Millbrook, but orally granted Edwards an extension of time by which to file a new report attempting to cure the deficiencies. The court then stated the hearing would "reconvene" on January 13, 2014.

Edwards filed an amended report by Arauco. In the amended report, Arauco states "[i]nstitutions are deemed to practice with the acceptable of [sic] 'Standard of care' refers to the degree of attentiveness, caution and prudence that a reasonable person in the circumstances would exercise." Arauco further states that Edwards was told by a Millbrook employee that her grandmother had been "dropped" while being moved and "being dropped would constitute negligence as one would expect a patient to be kept away from harm at all times." No new curriculum vitae for Arauco was submitted.

Millbrook did not file a new motion to dismiss, but on January 13 the court conducted what it termed a "reprise" of the hearing on the original motion. At the hearing, Millbrook argued that the same issues complained of in the original motion continued to exist with the amended report. Millbrook contended the report failed to provide a specific standard of care applicable to a nursing home and did not state what Millbrook should have done differently under the circumstances. Millbrook also argued the amended report gave "no explanation of Dr. Arauco's qualifications whatsoever." The trial court orally granted the motion to dismiss as to Edwards's claims arising out of the urinary tract infection, but otherwise denied the motion. Based on the trial court's oral ruling, Edwards's counsel agreed to withdraw the claims related to the urinary tract infection. The trial court's order states, "The Plaintiff agrees to withdraw her claim(s) related to Plaintiff's urinary tract infection ('UTI') and therefore, IT IS ORDERED that any and all claims related to Plaintiff's UTI are dismissed with prejudice." All other issues presented in the motion were denied. Millbrook then brought this interlocutory appeal.

## II. ANALYSIS

### A. Waiver and Right to Appeal

We first address Edwards's contention that Millbrook has waived its right to appeal the trial court's ruling because it did not file a new motion to dismiss challenging the amended expert report. Edwards relies on our opinion in *HealthSouth Corp. v. Searcy* to support her argument. *See HealthSouth Corp. v. Searcy*, 228 S.W.3d 907 (Tex. App.—Dallas 2007, no pet.). In *Searcy*, the plaintiff served the defendant health care provider with two expert reports. *Id*. at 908. The defendant filed objections and a motion to dismiss based on those reports. *Id*. In response, the plaintiff filed amended expert reports and the defendant again objected and filed a motion to dismiss. *Id*. The plaintiff then filed a second amended report for one of the experts. *Id*. The defendant filed no new objections or a motion to dismiss as to the second amended

–4–

report. *Id.* at 909. The trial court denied the objections and motion to dismiss and the defendant appealed. *Id.* at 908. In its appeal, the defendant did not challenge the second amended report. *Id.* at 909. In addressing the denial of the motion to dismiss, we held there was nothing for the Court to review as to the second amended expert report because the defendant did not challenge that report either in the trial court or on appeal. *Id.*

In this case, however, during the hearing on Millbrook's motion to dismiss, the trial court orally granted an extension for the plaintiff to file an amended report and orally set a date less than thirty days later to "reconvene *this* hearing." (emphasis added). At the second hearing, the trial court characterized the hearing as a "reprise" of the hearing on the original motion and Millbrook specifically used its original objections in arguing the deficiencies to Arauco's amended expert report, the report at issue in this appeal. Neither counsel objected to any of the procedures that took place. Both sides discussed the merits of Millbrook's motion as it related to the amended report and the curriculum vitae attached to the original report, essentially conflating the two reports. The trial court ruled on the motion as it related to the amended report. The order from which Millbrook appeals is the only signed order it obtained on its objections to plaintiff's expert report and this appeal challenges Arauco's amended report. Because Millbrook specifically challenged the most recent amended expert report both in the trial court and on appeal, *Searcy* is inapplicable to the facts of this case.

Edwards also contends Millbrook has no right to appeal the trial court's ruling because she was granted an extension of time within which to file an amended report. Interlocutory appeals are not permitted from orders granting an extension within which to cure a deficient expert report under chapter 74. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West 2015). In *Ogletree v. Matthews*, the Texas Supreme Court held that the prohibition on an interlocutory appeal from orders granting extensions also precludes interlocutory appeals from

refusals to dismiss based on the original deficient report. *See Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex. 2007). Millbrook is not appealing from the trial court's refusal to dismiss based on the original deficient report, however. It is appealing from the trial court's refusal to dismiss based on the amended report. *Ogletree* does not apply, and this interlocutory appeal is permitted. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9).

## B. Standard of Review

Under chapter 74 of the Texas Civil Practice and Remedies Code, a claimant in a health care liability suit must serve each defendant health care provider with an expert report no later than the 120th day after the defendant files his original answer. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2014). A defendant may challenge the adequacy of the report by filing a motion to dismiss. *Id*. § 74.351(*l*). The trial court must grant the motion and dismiss the claims if, after a hearing, it finds that the report "does not represent an objective good faith effort to comply with the definition of an expert report" as set forth in the statute. *Id*. An expert report by a person not qualified to testify regarding the standard of care does not represent a good faith effort to comply with the definition of an expert report. *See Foster v. Zavala*, 214 S.W.3d 106, 116 (Tex. App.—Eastland 2006, pet. denied).

We review the trial court's ruling on a motion to dismiss under chapter 74 for an abuse of discretion. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Id*. A trial court has no discretion in determining what the law is or applying the law to the facts. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Furthermore, a trial court's resolution of a factual issue is arbitrary and unreasonable if it is established that only one decision could reasonably be reached and the trial court failed to reach

that decision. *See Morrill v. Third Coast Emergency Physicians, P.A.,* 32 S.W.3d 324, 327 (Tex. App.—San Antonio 2000, pet. denied).

**C. Expert Qualifications**

In its second issue, Millbrook contends the trial court abused its discretion by refusing to dismiss all of Edwards's claims because Edwards failed to serve it with an expert report by a qualified physician. A person is qualified to opine on whether a health care provider departed from the accepted standard of care if he (1) practices health care in a field that involves the same type of care or treatment as that delivered by the defendant health care provider, (2) knows the accepted standard of care for health care providers for the diagnosis, care, or treatment of the illness, injury, or condition at issue, and (3) is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of care. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.402(b). When determining whether a witness is qualified on the basis of training or experience, the trial court considers whether the witness is certified by a licensing agency or has other substantial training or experience and whether he is actively practicing health care relevant to the claim. *Id*. § 74.402(c). The analysis of a proffered expert's qualifications is limited to an examination of his report and accompanying curriculum vitae. *See Hansen v. Starr*, 123 S.W.3d 13, 19 (Tex. App.—Dallas 2003, pet. denied). Qualifications cannot be inferred. *See Baylor Coll. of Med. v. Pokluda*, 283 S.W.3d 110, 117 (Tex. App.—Houston [14th Dist.] 2009, no pet.). When a physician fails to state in his expert report or affidavit that he has knowledge of the standard of care applicable to the specific types of health care providers involved in the claim, or that he has ever worked with or supervised the specific types of health care providers involved in the claim, the physician is not qualified on the issue of whether the defendant health care provider departed from the accepted standards of care. *See Baylor Med. Ctr. at Waxahachie v. Wallace*, 278 S.W.3d 552, 558 (Tex. App.—Dallas 2009, no pet.).

In this case, there is nothing in Arauco's curriculum vitae attached to his original report and nothing in his amended report that demonstrates he has any knowledge, training, or experience regarding the accepted standard of care applicable to health care providers for the treatment or care of elderly and infirm patients in a nursing home environment. Indeed, nowhere in his report does Arauco state that he is familiar with the applicable standard of care. Instead, Arauco merely states that "institutions" are subject to the general negligence standard.

Edwards argues that "any medical professional would be qualified to opine that carelessly dropping an elderly patient would expectedly result in broken bones." The matter at issue, however, is whether Millbrook, through its employees, failed to comply with the applicable standard of care. Arauco gives no indication in his report that he has any knowledge of what specific conduct was required by what type of healthcare provider working for Millbrook to prevent Cullens from being injured, and nothing in his curriculum vitae demonstrates he has any skill or experience in an area of health care relevant to Edwards's claims. There are no specific facts alleged about how the fall occurred. Edwards had the burden to show that Arauco has expertise regarding the specific issue before the court. *See Broders v. Heise*, 924 S.W.2d 148, 152–53 (Tex. 1996). After reviewing the record, we conclude the trial court abused its discretion by failing to dismiss all of Edwards's claims. We resolve Millbrook's second issue in its favor.

## D. Attorney's Fees and Court Costs

In its fourth issue, Millbrook contends that it is entitled to recover its attorney's fees and costs and requests that we remand this cause to the trial court to allow it to determine the amount of the award. An award of fees and costs to the defendant health care provider is mandatory when a plaintiff fails to file a sufficient expert report within the time allowed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1). Edwards argues that Millbrook is not entitled to recover its attorney's fees and costs because, although it requested such an award, it put on no

evidence in the trial court of the proper amount. Because the trial court denied Millbrook's motion to dismiss, however, it denied Millbrook the relief that would have entitled it to an award of fees and costs under chapter 74. Having determined the trial court abused its discretion in denying Millbrook's motion, we conclude the proper course is to remand the cause to the trial court for a determination of the proper award of attorney's fees and costs. *See Covenant Health Sys. v. Barnett*, 342 S.W.3d 226, 234 (Tex. App.—Amarillo 2011, no pet.); *see also Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 753, 763 (Tex. 2014). We resolve Millbrook's fourth issue in its favor. Because of our resolution of Millbrook's second and fourth issues, it is unnecessary for us to address Millbrook's remaining issues.

### III. CONCLUSION

Based on the foregoing, we reverse the trial court's order to the extent it denies Millbrook's motion to dismiss and remand the cause for the limited purposes of determining Millbrook's reasonably incurred attorney's fees and costs and entry of an order dismissing with prejudice Edwards's claims against Millbrook.

/David Evans/

DAVID EVANS

140202F.P05

JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MILLBROOK HEALTHCARE AND
REHABILITATION CENTER, Appellant

No. 05-14-00202-CV          V.

SHAUNDRA EDWARDS, ON BEHALF
OF THE ESTATE OF GEORGIA
CULLENS, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-07856-A
Opinion delivered by Justice Evans.
Justices Bridges and Lang participating.

    In accordance with this Court's opinion of this date, the order of the trial court is
**AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's
order denying the motion to dismiss filed by Millbrook Healthcare and Rehabilitation Center.  In
all other respects, the trial court's order is **AFFIRMED**. We **REMAND** this cause to the trial
court for the limited purposes of determining Millbrook Healthcare and Rehabilitation Center's
reasonably incurred attorney's fees and costs of court and entry of an order dismissing with
prejudice Shaundra Edwards's claims against Millbrook Healthcare and Rehabilitation Center.
    It is **ORDERED** that appellant Millbrook Healthcare and Rehabilitation Center recover
its costs of this appeal from appellee Shaundra Edwards, on behalf of the estate of Georgia
Cullens.


Judgment entered this 11th day of February, 2015.