Roger PENA, Appellant,

v.

METHODIST HEALTHCARE SYSTEM
OF SAN ANTONIO, LTD. d/b/a Metro-
politan Methodist Hospital, Appellee.

No. 04–05–00874–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 27, 2006.

C. Frederick Cludius, Malaise & Davis,
L.L.P., San Antonio, for appellant.

J. Mark Craun, Davidson & Trolio, P.C.,
Rebecca S. Smith, Sharon E. Callaway,
Crofts & Callaway, P.C., San Antonio, for
appellee.

Sitting: ALMA L. LÓPEZ, Chief
Justice, CATHERINE STONE, Justice,
SARAH B. DUNCAN, Justice.

## OPINION

Opinion by SARAH B. DUNCAN,
Justice.

Roger Pena appeals the trial court's
judgment dismissing his health care liabili-
ty claim against Methodist Healthcare
System of San Antonio, Ltd. d/b/a Metro-
politan Methodist Hospital. We affirm the
trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Alleging that he sustained personal inju-
ries when he fell while being transferred
from one bed to another at Metropolitan
Hospital, Roger Pena filed a health care
liability claim against Methodist on March
4, 2005.[1] Pena's expert reports and curri-
cula vitae were thus due to be served 120
days later on July 5, 2005. On July 1,
2005, Pena filed and served on Methodist
the reports of chiropractic physician Re-
gan Schulze and registered nurse Debra
Northam. On August 5, 2005, Methodist
moved to dismiss, arguing that Pena had

---

1. Pena also sued an unnamed Methodist em-
ployee. However, this employee was never
served; and the record reflects no attempts at
service. Accordingly, the case stands as
though Pena's suit against this unnamed em-
ployee was voluntarily dismissed. *See, e.g.,*
*Knie v. Piskun,* 23 S.W.3d 455, 459–60 (Tex.
App.-Amarillo 2000, pet. denied).

failed to comply with the statute because he failed to serve Schulze's and Northam's curricula vitae within 120 days and the affidavits were insufficient to comply with the statutory requirements for expert reports. In his response, Pena argued Methodist had waived its objections by filing them more than twenty-one days after Pena's expert reports were served. Alternatively, Pena sought an extension to cure the complained-of deficiencies. At the ensuing hearing on August 30, 2005, Methodist argued that because Pena failed to serve the curricula vitae, the twenty-one day period for Methodist to file its objections was not triggered. The trial court granted Pena a thirty-day extension to file the curricula vitae but not to file a new report and ordered that Methodist would have an additional thirty days in which to file its objections. On September 29, 2005, Pena filed and served Methodist by mail with Schulze's and Northam's curricula vitae and their revised reports. On October 21, 2005, Methodist objected to the revised reports and moved to dismiss. On November 17, 2005, the trial court sustained Methodist's objections and dismissed Pena's suit with prejudice.

## CV REQUIRED TO TRIGGER DEADLINE FOR OBJECTIONS

■ Pena first argues the trial court erred in granting Methodist's motion to dismiss because Methodist waived its right to object to his expert reports by failing to file its objections within the twenty-one day period permitted by section 74.351(a). Methodist counters that Pena's affidavits failed to trigger the twenty-one day period because they were not accompanied by curricula vitae. We agree with Methodist.

■ "In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom à liability claim is asserted...." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp. 2006). "Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived." *Id.* " 'Expert report' means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Id.* § 74.351(r)(6). "To qualify as an expert report under the statute, the report must contain the [statutorily-required] elements, and the expert report must be accompanied by a curriculum vitae of the expert authorizing the report." *Alvarado v. Alecozay,* No. 06–05–00042–CV, 2005 WL 2179573, at *2 (Tex.App.-Texarkana Sept. 9, 2005, pet. denied) (mem. op.); *see also Amer. Transitional Care Ctrs. of Texas, Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001) (recognizing that under prior version of statute "[i]f the plaintiff fails within the time allowed either to provide the expert reports and curriculum vitae, or to nonsuit the case, the trial court must sanction the plaintiff by dismissing the case with prejudice, awarding costs and attorney's fees to the defendant, and ordering the forfeiture of any applicable cost bond necessary to pay that award"); *Wood v. Tice,* 988 S.W.2d 829, 831–32 (Tex.App.-San Antonio 1999, pet. denied) (holding that requirement for an "expert report" under prior version of the law was not satisfied as a matter of law

when the expert's written opinion was not accompanied by a curriculum vitae).[2] We therefore hold the twenty-one day period for a defendant health care provider to object to the sufficiency of an expert report is not triggered until the claimant has filed both the report and a curriculum vitae of each expert listed in the report, as required by section 74.351(a).[3]

### EXTENSION OF TIME TO FILE OBJECTIONS

Pena next argues the trial court abused its discretion in granting Methodist an additional thirty days in which to object. However, since the twenty-one day period in which to object did not commence until Pena filed the curricula vitae, Methodist's objections were timely filed without regard to the extension.

### CONCLUSION

Because the twenty-one day period in which to object to the sufficiency of Pena's reports was not triggered until he filed his experts' curricula vitae, Methodist's objections were timely filed. We therefore affirm the trial court's judgment.

---

2. Because Pena did not serve curricula vitae within 120 days of filing his petition, he failed to comply with the requirement of section 74.351(a). The trial court thus had no discretion to deny Methodist's first motion to dismiss or to grant Pena an extension of time. See TEX. CIV. PRAC. & REM.CODE § 74.351(b); *Garcia v. Marichalar*, 185 S.W.3d 70, 74 (Tex. App.-San Antonio 2005, order) (holding that "when *no expert report* is served within 120 days of filing the claim, a trial court has no authority to grant an extension"), *disp. on merits*, 198 S.W.3d 250 (Tex.App.-San Antonio 2006, no pet.). However, Methodist did not raise this argument in its second motion to dismiss.

3. Pena argues that *Univ. of Texas Southwestern Med. Ctr. v. Dale*, 188 S.W.3d 877 (Tex. App.-Dallas 2006, no pet.), "is directly on point" and mandates a holding that Methodist waived its objections. It is not. The alleged deficiency in that case was that the report failed to name the medical center, not that the claimant failed to include a curriculum vitae. *See id.* at 878.