In The



Court of Appeals



Ninth District of Texas at Beaumont



________________



NO. 09-08-00252-CV


 _____________________



DAVID JOHNSON, Appellant



V.



BARRY G. WILLENS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 07-08-08207 CV






OPINION


 David Johnson appeals from the trial court's dismissal of his medical malpractice
action against Dr. Barry G. Willens. Johnson argues his report was adequate under the
Medical Liability Act, but if not, he should have been allowed to cure the deficiency.
Because the trial court erred concerning the curriculum vitae, and then erroneously concluded
the court had no ability to consider an extension of time, we reverse the order and remand
the case for consideration of the extension request.

The Process


 Johnson filed a pro se petition against Willens. Later, Johnson filed a pleading
entitled "Designation of Experts." He attached the expert report of Brian Daugherty, M.D.,
which included a description of his qualifications. Willens objected to the report. He filed
a motion to dismiss asserting the following grounds: Johnson did not serve a supporting
curriculum vitae along with the expert report; the report did not state the applicable standards
of care and symptoms with which the patient presented; and the report did not properly state
a causal relationship.

 Before Willens filed his motion to dismiss, an attorney representing Johnson notified
the court of the attorney's appearance on December 7, 2007. At a March 7, 2008, hearing,
both parties' attorneys learned for the first time that on February 21, 2008, the trial court had
signed an order granting the motion to dismiss and awarding Willens $15,855 in attorney's
fees and court costs. See Tex. R. Civ. P. 306a(4) (actual knowledge of judgment within 20
days). The trial judge indicated she did not know why the parties failed to receive notice of
the order dismissing the case. She also stated she had no discretion to deny the defendant's
motion to dismiss or to grant an extension of time when the plaintiff did not timely serve a
curriculum vitae. The trial judge suggested severance of the attorney's fee issue from the
dismissal order and indicated someone needed to present to the court a motion and order to
sever. The court set a hearing date for the parties to return, and set a briefing schedule on the
attorney's fee issue.

 On April 1, 2008, the trial court reconvened the hearing. Willens's attorney suggested
the trial court no longer had plenary power and could not sever the attorney's fee issue. The
trial court concluded it had no authority to change the order of dismissal and the attorney's
fee award.

 Johnson appealed the trial court's order. In considering our jurisdiction over the
appeal, we determined Johnson had filed a "Brief in Opposition to Attorney's Fees" on
March 11, 2008, which we concluded was, in effect, a motion to modify the judgment. A
motion to modify serves to extend the trial court's plenary power and the appellate deadlines.
See Tex. R. Civ. P. 329 b(g); In re Brookshire Grocery Co., 250 S.W.3d 66, 72 (Tex. 2008). 
We concluded the notice of appeal was timely filed.

The Expert Report


 The plaintiff in a health care liability suit must provide the defendant physician or
health care provider with an expert report. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351
(Vernon Supp. 2008). Section 74.351 of the Civil Practice and Remedies Code provides in
part as follows:

 (a) In a health care liability claim, a claimant shall, not later than the 120th
day after the date the original petition was filed, serve on each party or the
party's attorney one or more expert reports, with a curriculum vitae of each
expert listed in the report for each physician or health care provider against
whom a liability claim is asserted. . . .

 . . . .


 (r) In this section:

 . . . .


 (6) "Expert report" means a written report by an expert that
provides a fair summary of the expert's opinions as of the date
of the report regarding applicable standards of care, the manner
in which the care rendered by the physician or health care
provider failed to meet the standards, and the causal relationship
between that failure and the injury, harm, or damages claimed.


Tex. Civ. Prac & Rem. Code Ann. § 74.351(a), (r) (Vernon Supp. 2008). Although the
report does not have to marshal all the plaintiff's proof, it must include the expert's opinions
on the three elements -- standard of care, breach, and causation. Am. Transitional Care Ctrs.
of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875, 879 (Tex. 2001). 

 A defendant whose conduct is implicated in a report may challenge its sufficiency. 
See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a); Leland v. Brandal, 257 S.W.3d 204,
207 (Tex. 2008). The trial court will grant the defendant's motion to dismiss only if it
appears to the court, after hearing, that the report does not represent an objective good-faith
effort to comply with the definition of an expert report. Tex. Civ. Prac. & Rem. Code Ann. 
§ 74.351(l). "If the court agrees that the challenged report is deficient, the court has the
discretion on its own to grant one thirty-day extension to allow the plaintiff an opportunity
to cure the deficiency." Leland, 257 S.W.3d at 207. We review a trial court's decision on
a dismissal motion under section 74.351 for an abuse of discretion. See Palacios, 46 S.W.3d
at 875. 

 Johnson argues the trial court abused its discretion in dismissing his claim on the
ground that he did not file a curriculum vitae with the expert report. Willens's motion to
dismiss contends the curriculum vitae must be served with the report, but does not challenge
the expert's qualifications. Johnson relies on Harris County Hospital District v. Garrett, 232
S.W.3d 170, 177-78 (Tex. App.--Houston [1st Dist.] 2007, no pet.). In Garrett, the court
held that the expert's qualifications and curriculum vitae may be set out in the body of the
expert report, and there is no requirement that the report and the curriculum vitae be separate
documents. Id.; see also Carreras v. Marroquin, No. 13-05-082-CV, 2005 WL 2461744, at
*2 (Tex. App.--Corpus Christi Oct. 6, 2005, pet. denied) (mem. op.) (Section 74.351 does
not expressly prohibit a claimant from including the curriculum vitae within the body of the
report.). 

 Willens relies on Pena v. Methodist Healthcare System of San Antonio, Ltd., 220
S.W.3d 52, 52-53 (Tex. App.--San Antonio 2006, no pet.), where the plaintiff did not file the
curriculum vitae with the expert report. The San Antonio court explained that the health care
provider must provide both the expert report and curriculum vitae, as required by statute. Id.
at 53-54. In a footnote, the court explained that the lack of a curriculum vitae left the trial
court with "no discretion to deny Methodist's first motion to dismiss or to grant Pena an
extension of time." Id. at 54 n.2. Pena, however, is distinguishable. There is no indication
the plaintiff claimed that the expert report contained sufficient information concerning the
expert's qualifications to function as both an expert report and curriculum vitae. Id. at 53-54. 
To be sufficient, a curriculum vitae need not be on a separate piece of paper. We hold that
a sufficient curriculum vitae may be contained in the expert report itself. See Garrett, 232
S.W.3d at 177-78. The trial court erred in concluding otherwise. (1) 

 Willens's motion to dismiss also asserted that the report did not state the applicable
standard of care or the causal relationship between the breach of the standard of care and the
alleged injury. The expert report states in part:

 I have reviewed Mr. Johnson's medical records from Dr. Willens's office. 
I note that on August 25, 2005, Mr. Johnson presented to Dr. Willens with
certain symptoms. At that time, Dr. Willens prescribed a beta-blocker
medication called Atenolol. I have reviewed Mr. Johnson's medical records
from the pharmacy where the Atenolol was filled. I confirmed that Mr.
Johnson received a prescription for 100mg of Atenolol to be taken twice a day.


 Atenolol is a beta-blocker typically given to patients to treat them after they
have had a stroke. Mr. Johnson has not had a stroke, and had no history of
having a stroke when the Atenolol was prescribed by Dr. Willens.


The report does not identify "certain symptoms" for which Johnson went to Dr. Willens. As 
Willens asserts, the proper standard of care cannot be known unless the report contains "a
description of the circumstances confronting the doctor and which purportedly obligated him
to respond in a particular manner." The fact that Atenolol is "typically" given to stroke
patients does not necessarily mean that it is inappropriate for any other condition. The
appropriate treatment does not arise in a vacuum; the specific symptoms presented by the
patient may suggest the appropriate treatment and standard of care. See Palacios, 46 S.W.3d
at 880 (Report must explain what care was expected but not given.); see also Kirksey v.
Marupudi, No. 07-03-0076-CV, 2003 WL 23096028, at *3 (Tex. App.--Amarillo Dec. 30,
2003, no pet.). Because the report does not state what Johnson's condition or symptoms
were, a trial court could not adequately assess the merits of the claim. Johnson's report is
deficient for failing to properly explain the standard of care for the complaint made. Johnson argues the report adequately states the causal relationship "between
Defendant's breach of a physician's standard of care and Plaintiff's injuries." The expert
report must explain the basis for the expert's statements and "'link his conclusions to the
facts.'" Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002) (quoting Earle v.
Ratliff, 998 S.W.2d 882, 890 (Tex. 1999)). Johnson relies on the following statement in the
report for causation:

 Further, it is my opinion that the amount of Atenolol prescribed to Mr. Johnson
substantially exceeded the normal dose of said medication, and within a
reasonable medical probability caused Mr. Johnson to suffer from lethargy,
depression, light-headedness, and confusion to such an extent that he was
incapable of functioning on a daily basis.


The causation statement references the "normal dose," but does not explain what the normal
dose would be or how and why the prescribed dose was excessive. The complaint for which
Johnson was treated is never identified in the report, and the report offers no explanation of
what a proper treatment would be for a condition that is not described. See, e.g., HEB
Grocery Co. v. Farenik, 243 S.W.3d 171, 174 (Tex. App.--San Antonio 2007, no pet.). In
Farenik, the expert report explained the pharmacist's error in filling the patient's
prescription, the patient's condition, the normal dosage for a patient with her history, the
typical uses of the medication, the patient's injuries after taking the medication, and the
expert's conclusions about alleged error in filling the prescription; essentially, the report
connected the conclusions to the facts. See id. Here, the report's causation statement is not
that explanatory. A report that merely states the expert's conclusions about the standard of
care, breach, and causation is not sufficient. Palacios, 46 S.W.3d at 879. The report in this
case is deficient. 

 Extension of Time


 Johnson asks for an extension of time to cure the deficient report. If no report or
curriculum vitae is served within the 120-day deadline provided by section 74.351(a), a court
has no discretion to grant an extension. See Ogletree v. Matthews, 262 S.W.3d 316, 319-20
(Tex. 2007). The statute does not mandate dismissal for a deficient, but curable, report and
curriculum vitae, however. See id. A deficient report or curriculum vitae differs in this
respect from an absent report or curriculum vitae. See id. A court has discretion under the
statute to grant a thirty-day extension so that a plaintiff may attempt to cure a deficient report
or curriculum vitae. See id.

 In this case, the parties learned the case had previously been dismissed without a
hearing when they appeared for trial; notice of the order of dismissal was not provided as
required by the rules of civil procedure. See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(l) ("A court shall grant a motion challenging the adequacy of an expert report only
if it appears to the court, after hearing, that the report does not represent an objective good
faith effort to comply with the definition of an expert report in Subsection (r)(6).") (emphasis
added); see also Tex. R. Civ. P. 306a(3). The trial court cited Pena and informed the parties
that "the trial court had no discretion to deny this defendant's motion to dismiss nor to grant
an extension of time when the plaintiff does not serve that CV within 120 days filing the
petition."

 A report, including biographical data describing the expert's qualifications (a
curriculum vitae), was timely served. Elements of the report are deficient. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(c). As the Supreme Court has recently explained, a court
may under these circumstances sua sponte grant one thirty-day extension of time to cure the
deficiencies. See Leland, 257 S.W.3d at 207-08. We conclude Johnson was entitled to have
the trial court consider whether he should receive an extension under section 74.351(c). See
Martinez-Partido v. Methodist Specialty & Transplant Hosp., 267 S.W.3d 881, 882 (Tex.
2008) ("[H]e is entitled to have the trial court decide whether he should receive an extension
under section 74.351(c)[.]"). The trial court did not have the benefit of the Supreme Court's
opinions in Leland and Martinez-Partido. Because the trial court erroneously concluded it
had no discretion to grant an extension, we reverse the order and remand the case to have the
trial court consider whether appellant should receive an extension under section 74.351(c). (2) 

 The order is reversed and the case is remanded for further proceedings consistent with
this opinion. 

 REVERSED AND REMANDED.

 _________________________________

 DAVID GAULTNEY

 Justice 


Submitted on January 22, 2009

Opinion Delivered May 14, 2009 


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. Johnson also argues that because his expert was his treating physician and not a
retained expert, there is no requirement of a curriculum vitae. Section 74.351 makes no
distinction between the two; the statute requires the expert's curriculum vitae. Tex. Civ.
Prac. & Rem. Code Ann. §74.351(a). Johnson argues a pro se litigant should be treated
with greater deference than one represented by an attorney. He offers no supporting case
law. See Tex. R. App. P. 38.1(h). The statute does not exempt pro se litigants. 
2. Because of this ruling, we need not consider the attorney's fee issue at this time.