

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00308-CV

**LAREDO MEDICAL CENTER**, Dr. Fermin Romero-Arreloa M.D., J. Claudio R.N., and
Laredo Medical Center Vein Center assumed name Laredo Texas Hospital Co. L.P.,
Appellants

v.

Isza **MELENDEZ**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2012CVT001771D1
The Honorable Joe Lopez, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  December 4, 2013

AFFIRMED

This is an interlocutory appeal from an order denying motions to dismiss healthcare

liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West Supp. 2012). We

conclude the trial court did not err in denying the motions to dismiss and affirm the trial court's

order.

## BACKGROUND

Isza Melendez filed healthcare liability claims against Laredo Medical Center, Dr. Fermin Romero-Arreloa M.D., J. Claudio R.N., and Laredo Medical Center Vein Center, assumed name Laredo Texas Hospital Co., L.P. Melendez alleged the defendants were negligent when they left a catheter in her leg during a thermal ablation procedure. Melendez further claimed she had to have surgery to remove the catheter, which resulted in further complications and a hospitalization.

Melendez's petition was filed on November 30, 2012. She served two expert reports on the defendants on March 19, 2013. The defendants filed motions to dismiss on April 10, 2013, and April 11, 2013.[1] In almost identical motions, the defendants argued that Melendez "failed to serve the required curricul[a] vitae[] of either of these experts. Therefore, [Melendez] did not comply with the statute and failed to meet her statutory requirements as set forth by § 74.351." The defendants asked the trial court to grant their motions to dismiss on this basis. In the alternative, the defendants objected to the "purported Chapter 74 expert reports" for various reasons, including that "neither expert has been shown to have the necessary qualifications to serve as an expert" and the defendants "cannot determine the qualifications of either of these experts without their respective curricul[a] vitae[]."

Melendez filed a response to the motions to dismiss in which she argued there was no requirement that an expert's curriculum vitae be set out in a separate document. Melendez further argued that the curricula vitae of her experts were included in their expert reports and, therefore, the curriculum vitae requirement was satisfied. Finally, Melendez argued the defendants waived

---

[1]Dr. Fermin filed a motion to dismiss on April 11, 2013. The other defendants filed a joint motion to dismiss on April 10, 2013.

their objections to the expert reports because their objections to the reports were untimely under section 74.351(a) of the Texas civil practice and remedies code.

The trial court held a hearing on the motions to dismiss. At the hearing, the defendants argued the curriculum vitae was a statutorily required element of the expert report and that if it was not timely served with the expert report, the trial court had no discretion but to dismiss the case. Melendez countered that the curricula vitae were included in the expert reports. Melendez also argued that the defendants' objections to her experts' reports were untimely because they were filed more than twenty-one days after she served her expert reports. In response, the defendants argued that the twenty-one day period for filing their objections had not been triggered because the expert reports were not accompanied by the curricula vitae. After hearing the arguments of counsel, the trial court denied the motions to dismiss. This appeal ensued.

### ARGUMENTS PRESENTED

On appeal, Laredo Medical Center, Dr. Romero-Arreloa, J. Claudio R.N., and Laredo Medical Center Vein Center, assumed name Laredo Texas Hospital Co., LP., (hereinafter referred to collectively as "Laredo Medical Center and Dr. Romero-Arreloa"), argue the trial court erred in denying their motions to dismiss because Melendez's "failure to serve [] timely curricul[a] vitae along with the [expert] report[s] is a direct violation of the requirements set forth by the Texas Legislature in Chapter 74" of the Texas civil practice and remedies code. Laredo Medical Center and Dr. Romero-Arreloa argue Melendez's claims should have been dismissed because she failed to file the curricula vitae as required by the statute. They maintain that a curriculum vitae must be a separate document and cannot be contained within the body of the expert report. On the other hand, Melendez contends that neither section 74.351(a), nor case law interpreting section 74.351(a), require a curriculum vitae to be a separate document. Melendez further contends that

her experts satisfied the curriculum vitae requirement by providing a short account of their career and qualifications in the body of their expert reports.

## STANDARD OF REVIEW

We ordinarily review a trial court's ruling on a motion to dismiss a healthcare liability claim for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). However, we review issues of statutory construction de novo. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009); *Stroud v. Grubb*, 328 S.W.3d 561, 563 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Therefore, to the extent the trial court's ruling depends on the construction of section 74.351(a), we review the trial court's ruling de novo.

## DISCUSSION

The version of section 74.351(a) applicable to this case provided that "[i]n a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, *with a curriculum vitae* of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." Act of May 18, 2005, 79th Leg., R.S., ch. 635, 2005 Tex. Gen. Laws 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2013)) (emphasis added). Chapter 74 further provides that "[i]f, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall . . . enter an order that . . . dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). However, this dismissal requirement is "subject to" subsection (c) which provided that "[i]f an expert report has not been served within the period specified by [s]ubsection (a) because elements

of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency." *Id*. § 74.351(c).

We first address Laredo Medical Center's and Dr. Romero-Arreloa's argument that the text of section 74.351(a) mandates that a curriculum vitae be provided in a document separate from the expert report. In support of their argument, Laredo Medical Center and Dr. Romero-Arreloa cite to the text of section 74.351(a). In construing statutes, our primary objective is to give effect to the legislature's intent as expressed in the statute's language. *Galbraith*, 290 S.W.3d at 867. If the words of a statute are clear and unambiguous, we apply them according to their plain and common meaning. *Id*. On the other hand, when the plain language of a statute does not convey the legislature's apparent intent, we may resort to additional construction aids, such as the objective of the law, the legislative history, the common law or former statutory provisions, including laws on the same or similar subject, and the consequences of a particular construction. *Id*. at 867–68; *see also* TEX. GOV'T CODE ANN. §§ 311.023(1), (3), (5) (West 2005) (allowing a court to consider the objective of the statute, legislative history, and the consequences of a proposed construction).

We begin by applying the words of section 74.351(a) according to their plain and common meaning. The relevant part of section 74.351(a) requires a health care liability claimant to "serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted."[2] Act of May 18, 2005, 79th Leg., R.S., ch. 635, 2005 Tex. Gen. Laws 1590 (amended 2013). The words of the statute are unambiguous. Nothing in the text of section 74.351(a) requires that a curriculum vitae be contained in a document separate from the expert report. *See id*.

---

[2]Section 74.351(a) has been amended to provide: "In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports… ." TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West Supp. 2013). This amendment applies only to an action commenced on or after September 1, 2013, and therefore, has no application here.

Next, Laredo Medical Center and Dr. Romero-Arreloa argue that our decision in *Pena v. Methodist Healthcare System of San Antonio, Ltd.*, 220 S.W.3d 52, 54 (Tex. App.—San Antonio 2006, no pet.), provides that a curriculum vitae must be contained in a separate document. A close reading of *Pena* shows otherwise. In *Pena*, the plaintiff initially served expert reports but no curricula vitae. *Id.* at 52-53. The defendant moved to dismiss. *Id.* Instead of immediately dismissing, the trial court granted the plaintiff an extension of time to file the curricula vitae. *Id.* at 53. After the curricula vitae were filed, the trial court sustained the defendant's objections to the expert reports and dismissed the plaintiff's claim. *Id.* Significantly, the plaintiff in *Pena*, unlike the appellant in the instant case, never claimed that the curricula vitae were included in the expert reports. On appeal, the plaintiff argued the trial court erred in granting the motion to dismiss because the defendant had waived its right to object to the plaintiff's expert reports by failing to file its objections within the twenty-one day period permitted by section 74.351(a). *Id.* We affirmed the trial court's dismissal order, holding that "the twenty-one day period for a defendant health care provider to object to the sufficiency of an expert report is not triggered until the claimant has filed both the report and a curriculum vitae of each expert listed in the report, as required by section 74.351(a)." *Id.* at 54. Thus, our holding in *Pena* addressed the triggering of the time period for filing objections to an expert report; it did not address whether the curriculum vitae under section 74.351(a) needs to be contained in a separate document.

Four other Texas intermediate appellate courts have addressed precisely the issue presented in this appeal and have held that a curriculum vitae under section 74.351(a) need not be contained in a separate document. *Univ. of Texas Med. Branch at Galveston v. Simmons*, No. 14-09-00246-CV, 2009 WL 4810296, at *3 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Johnson v. Willens*, 286 S.W.3d 560, 564 (Tex. App.—Beaumont 2009, pet. denied); *Harris Co. Hosp. Dist. v. Garrett*, 232 S.W.3d 170, 177 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Carreras v. Marroquin*, No.

13-05-082-CV, 2005 WL 2461744, at * 2 (Tex. App.—Corpus Christi 2005, pet. denied). We agree with the holdings of our sister courts.

Finally, Laredo Medical Center and Dr. Romero-Arreloa argue the expert report of Carmelo Otero, M.D., "will never suffice as a required [curriculum vitae]." The term "curriculum vitae" is not defined in chapter 74; however, the dictionary defines "curriculum vitae" as "a short account of one's career and qualifications prepared typically by an applicant for a position." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 316 (1991). In his expert report, Dr. Otero states he is "a board certified cardio thoracic surgeon who actively practices medicine in San Antonio, Texas." Dr. Otero also states that as a board certified cardio thoracic surgeon he is "familiar with the standard of care for the evaluation and treatment of venous diseases as well as peripheral vascular diseases." We cannot say the trial court abused its discretion in finding that Dr. Otero provided a short account of his career and qualifications in his expert report and therefore met the curriculum vitae requirement. *See* TEX. CIV. PRAC. & REM. CODE § 74.402 (West 2011) (specifying the criteria courts must use in determining if a person is qualified as an expert in a health care liability claim).

## CONCLUSION

We conclude the trial court did not err in denying the motions to dismiss. We, therefore, affirm the trial court's order.

Karen Angelini, Justice